# NO. 12-09-00220-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAKESHA BLOUNT,*<br>*APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant attempts to appeal the revocation of her deferred adjudication community supervision. Sentence was imposed on June 5, 2009.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for new trial. Therefore, Appellant's notice of appeal was due to have been filed on or before July 6, 2009. However, Appellant did not file her notice of appeal until July 8, 2009 and did not file a motion for extension of time to file her notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On July 15, 2009, this court notified Appellant that her notice of appeal was untimely and

that there was no timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeal would be dismissed unless, on or before July 27, 2009, the information filed in this appeal was amended to show the jurisdiction of this court. The deadline imposed in our July 15, 2009 notice has now passed, and Appellant has neither shown the jurisdiction of this court or otherwise responded to the notice.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeal must be dismissed. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is *dismissed for want of jurisdiction*.

Opinion delivered July 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)